JOHN SMITH *v.* DAVID WALSH.

1. NEW TRIAL. *Granted by trial judge. How viewed by this court.*
   The rule that the action of a trial court upon a motion for a new trial will be considered favorably and sustained by this court, unless manifest error appears therein, is peculiarly applicable where the trial is granted, since the rights of the parties are not finally settled as they are where a new trial is refused. *Dorr* v. *Watson,* 28 Miss. 383, cited.

2. DEED OF TRUST. *Objections to sale under. Waived by grantor. Case in judgment.*
   S., the grantor in a deed of trust upon a tract of land, induced W., a third person, to attend on a certain day a sale of the land under the deed of trust and buy in the land, it being agreed that S. should have an opportunity to redeem the land by paying W. whatever amount he should have to pay for the same. W. did attend the sale and buy the land, paying therefor the amount claimed by the beneficiary in the trust-deed. S., having failed for many years to pay W. and redeem the land, and being sued in ejectment for the land, sought to defeat the action by showing that he did not owe anything upon the deed of trust under which the land was sold, and that the sale was not properly advertised. *Held,* that such objections were rendered immaterial by the act of S. in soliciting W. to appear at the sale and buy in the land, which was equivalent to a declaration that the sum claimed by the beneficiary in the trust-deed was due, and that all acts *in pais* required to be done by the trustee had been performed.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

John Smith, being the owner of a tract of land, on the 2d of April, 1873, executed a deed of trust thereon to S. H. Moore, as trustee, to secure payment of a promissory note given by the grantor to McCutchen & Co., merchants, for money and supplies furnished and to be furnished to him to enable him to cultivate his land. There was a provision in this deed of trust which authorized the *cestuis que trust*, in case the trustee mentioned should die or fail or refuse to execute the trust imposed upon him, to appoint in writing some other person to execute such trust.

In the early part of 1878 Smith made arrangements to get from David Walsh money and supplies with which to carry on his farming operations that year, and to secure the payment therefor executed a deed of trust on the land above referred to in favor of Walsh. Soon thereafter this land was advertised to be sold on the 9th of May, 1878, under the deed of trust in favor of McCutchen & Co., by G. L. Monroe, as substituted trustee therein. Smith filed a bill in chancery, praying for an injunction against the proposed sale. His application was heard on the 9th of May, 1878, the day for which the sale was advertised, and the Chancellor refused to enjoin the sale; thereupon, on the same day it was agreed between the solicitors of the respective parties that the sale should be postponed to the 27th of May, then current. Smith requested Walsh to attend the sale and buy in the land for his benefit. Walsh agreed to do so upon Smith's promise that he would repay to Walsh the money he should have to advance in making such purchase, with interest, and would pay Walsh what he might owe him for money and supplies. Walsh accordingly attended the sale and bought the land. He informed Smith of what he had done, and Smith expressed satisfaction with his action in the matter. G. L. Monroe, as substituted trustee, executed to Walsh a deed for the land.

Smith was permitted to remain in possession of the land, and Walsh continued to furnish him money and supplies with which to cultivate the same till 1882. During the period, after Walsh's purchase of the land, while he was furnishing Smith with supplies

and money, the latter made many promises to pay what he owed Walsh, in pursuance of the agreement above stated in reference to the redemption of the land, but Smith failed to perform his promises.

In February, 1883, Walsh commenced this action of ejectment to recover from Smith the land hereinbefore referred to. The case came on for trial on the 9th of June, 1883, and the plaintiff put in evidence Smith's deed to Moore, as trustee for McCutchen & Co., and Monroe's deed, as substituted trustee, to Walsh, and then proved by oral testimony the facts above recited. The defendant objected to the admission of the parol evidence offered by the plaintiff, but his objection was overruled and he excepted. There was no evidence showing that Monroe's appointment as trustee was in writing, nor that there was a readvertisement of the sale of the land after the postponement thereof. The jury found a verdict for the defendant, and the plaintiff moved for a new trial on several grounds, one of which was "because of newly discovered evidence." This ground was supported by the affidavit of T. C. Catchings, one of the plaintiff's attorneys, to the effect that before and during the trial he had made diligent search for evidence of Monroe's appointment in writing as substituted trustee and had failed to find any; "that since the trial W. R. Ingersoll, who was the attorney for McCutchen & Co. and conducted the sale for them, who has been absent on account of health for the last two months, has returned, and affiant, upon applying to him for information on the subject, was informed that he knew the appointment of Monroe had been made in writing, and at his request said Ingersoll reduced his information to writing, which is here presented, and affiant states that he was not before advised that said Ingersoll knew anything on the subject." The declaration in the suit was filed by Catchings & Ingersoll, as attorneys.

The motion was sustained and a new trial granted. On the 21st of April, 1884, a second trial was had. The plaintiff adduced the same evidence as on the first trial, and also produced testimony to the effect that Monroe's appointment as trustee was duly made in writing, but that the paper containing the same had been lost.

The defendant again objected to all the parol evidence presented by the plaintiff, and excepted to the ruling of the court admitting the same. The defendant proved that the sale of the land on the day when made was never advertised as required by the deed of trust, under which it was sold. He also offered to prove that he did not owe McCutchen & Co. anything upon that deed of trust, but the court refused to permit him to make such proof. The jury found a verdict for the plaintiff, and from the judgment thereon the defendant appealed to this court.

*L. W. Magruder,* for the appellant.

All the parol testimony offered by the plaintiff was inadmissible, and was in direct contravention of the spirit and letter of the statute of frauds.

Upon this point I ask the attention of the court to the case of *Livingston* v. *Hay,* 34 Mich. 384, in which the facts appear almost identical with this case, and in which Judge Cooley made an elaborate review of the authorities and announced the conclusion as resting both upon *precedent* and *reason* that parol testimony in a law proceeding was inadmissible to affect a title. The opinion is a thorough and complete argument upon the proposition.

The action of the court in setting aside the verdict on the first trial cannot be justified by the "newly discovered evidence" which was offered, to wit, the affidavit of Mr. Ingersoll that he had prepared the substitution of Monroe as trustee.

In the first place, from the nature of things, it is a fact as to the existence or non-existence of which the plaintiff was bound to have his attention directed. It does not appear that he made any effort whatever to ascertain the truth. It was in no sense *newly discovered.* The only new discovery made was (after he lost his case) the mistake in relying on other facts.

Besides, the newly discovered evidence turns up as a revelation of Mr. W. K. Ingersoll, whose name happens to be appended to the declaration as the attorney of record for the plaintiff, and who was as much charged with diligence in preparing the evidence as his client. It is no answer that he was absent from the trial.

On the second trial proof was offered by Smith to show that he

owed nothing under the McCutchen deed of trust, which was refused. And it was proved also that the sale had not been advertised, as provided by the deed, as hereinbefore mentioned.

These objections to the validity of Walsh's deed were held insufficient. What has heretofore been said as to parol proof offered by plaintiff applies.

If the matter could avail at all to defeat Smith's title it must be in another forum. It belongs peculiarly to a court of equity.

Besides, the matter does not amount to an estoppel against Smith.

The doctrine of estoppel and the elements of conduct which constitute it have been abundantly expounded by our court in the following cases : *Sulphine* v. *Dunbar,* 55 Miss. 257 ; *Staton* v. *Bryant,* 55 Miss. 262 ; *Davis* v. *Bowman,* 25 Miss. 671 ; *Love* v. *Stone,* 56 Miss. 450 ; *Turnipseed* v. *Hudson,* 50 Miss. 429 ; Bigelow on Estoppel 467, 470, 480.

*Catchings & Dabney,* for the appellee.

1. The failure of the trustee (assuming for the present that Monroe was duly appointed) to readvertise the sale for the 27th of May, or to give notice by publication that it would be then made does not make the sale which occurred on that day void.

The deed from Monroe to Walsh recites that he had duly advertised the property for sale on May 9, and then proceeds as follows : " And whereas at the *time and place* stated in said notice, the said sale was postponed by the agreement of the parties to the deed of trust then acting, until the 27th day of May," etc.

Now this recital, in the absence of any proof on the subject, must be taken as true. *Graham* v. *Fitts,* 53 Miss. 307.

If the sale was thus postponed at the time and place fixed for the sale originally, and especially if it was postponed by the agreement of the parties, no failure to make publication of the fact of postponement or to re-advertise would make the sale void. This is clear upon the authorities. And it is clear from the testimony that Smith was advised of the postponement and of the day fixed for the sale, and that Walsh bought at this sale by his request, and that his solicitor attended the sale, drew the

deed from the trustee to Walsh, and acted for him throughout the whole proceedings.

A re-advertisement or publication of the postponement was something which Smith could waive, even if it was otherwise necessary to be made, and it is certain that he did waive it.

2. The authorities are divided upon the question as to whether, in view of the statute of frauds, a title by estoppel can be asserted and maintained in a court of law.

The question has been before the Supreme Court of the United States, and they hold that estoppel applies in real estate cases both at law and in equity. *Dickerson* v. *Colgrave,* 100 U. S. 578; *Kirk* v. *Hamilton,* 102 U. S. 76; *George* v. *Tate,* 102 U. S. 570.

In the last case it was said that a title by estoppel to real estate " *is effectual either for attack or defense.*"

In *Stoddard* v. *Chambers,* 2 How. 284 (U. S.) it was said, "*On a title by estoppel an action of ejectment can be maintained.*" See also Smith's Leading Cases (7th Am. ed., Hare & Wallace's notes) 730, 740.

This court will not permit itself to be hampered by the absurd technicalities paraded by some tribunals, but will adopt the view so-clearly expounded by the Supreme Court of the United States.

In this view of the law it is not material whether Monroe was substituted in writing or not.

He was assuming to act as trustee. Walsh was prevented from inquiring whether he had been regularly appointed or not by the defendant's conduct, and defendant will not be allowed now to say that he was not regularly appointed.

Cooper, C. J., delivered the opinion of the court.

We are unwilling to disturb the judgment of the lower court in granting a new trial upon the first verdict. The rule that the action of the trial court upon a motion for a new trial is to be favorably considered upon appeal, and supported unless manifest error appears, is peculiarly applicable where the new trial has been granted, since in such cases the rights of the parties are not

finally settled, as they are where a new trial is refused, but another trial is had.   *Dorr* v. *Watson*, 28 Miss. 383.

There is no error in the record of the second trial, nor is the question whether by an equitable estoppel the legal title to land can pass presented.   The question was involved in the first trial, but the jury found as a fact that the defendant was not estopped, and the court set aside the verdict because of newly discovered testimony which would show existence of the legal title in the plaintiff by proper conveyances.

Whether Smith was indebted to McCutchen & Co., and whether there had been a re-advertisement of the sale, were rendered immaterial by his acts in soliciting Walsh to appear at the sale and buy in the property at the price of three hundred dollars, which McCutchen & Co. claimed to be due to them.   Smith's request to Walsh was equivalent to a declaration by him that the sum claimed was due and that the acts *in pais* required to be done by the trustee had been performed.   The advertisement of the sale was required for the benefit of Smith, and it might be waived by him without rendering the sale obnoxious to the statute of frauds. There appears in the record a complete chain of the legal title to the land, and this being the case, it is immaterial that the doing of other acts not required to be done by the statute of frauds was waived by Smith.

*The judgment is affirmed.*