## Mississippi State Highway Commission *v.* Reddoch *et al.*

(En Banc. Feb. 6, 1939.)

[186 So. 298. No. 33542.]

**Russell Wright,** Assistant Attorney General, for the appellant.

304

Deavours & Hilbun, of Laurel, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought an eminent domain proceeding against appellees in the county court of Jones county, to condemn a right of way for a public highway over their lands. There was a trial in the county court, resulting in a verdict and judgment in the sum of $675. From that judgment appellant appealed to the Circuit Court on the record made in the county court. In the county court the statutory instruction prescribed in section 1491, Code of 1930, to be given in eminent domain proceedings had before a justice of the peace and a jury was given. Other instructions were asked, and refused by the court. The appellant made a motion for a new trial, which was overruled.

In the Circuit Court the appellant assigned errors alleged to have been committed by the county court, and also made a motion for a trial de novo in the Circuit Court, which motion was overruled. The Circuit Court, finding no error on the record made in the county court, affirmed the judgment; from that judgment the appellant prosecutes this appeal.

The question is, whether an eminent domain proceeding should be tried in the county court upon a full hearing, including the giving of appropriate instructions for the parties, as any other civil causes are tried in those courts. We are of the opinion that the question must be answered in the affirmative, and we reach that conclusion upon the following considerations:

The last clause in section 696, Code of 1930, gives the county courts exclusive jurisdiction in such actions. Section 696 of the Code of 1930 provides, among other things, as follows: "In proceedings which, if there were no county court, would have to be brought in a court of a justice of the peace, or before a tribunal of a justice or justices of the peace, the same practice in the county court shall be followed as if the matter were in said justice court, general or special; . . . Provided, however, that all pleadings in the county court shall be in writing, and the jury in law or criminal cases shall be instructed by the judge in the manner now provided by law for instructing the jury in the circuit courts; provided further, that by consent of the parties, the instructions of the court may be given by an oral charge after the argument, but in so doing the judge shall not comment on the weight of the evidence."

Those two provisions of the statute, construed together, mean that appropriate instructions shall be given by the county court, as provided by law for instructing the jury in the Circuit Court. In other words, that there shall be a full hearing in the county court, and not one limited, as is provided in the chapter on eminent domain, when the

court is composed of a justice of the peace and a jury. It follows that under section 704, Code of 1930, providing for appeals from the county court to the Circuit Court, the Circuit Court considers the case on the record made in the county court, and if harmful error is found, grants a trial de novo in the Circuit Court—if not, affirms the judgment. To hold that the trial in the county court is confined to less than a full hearing (which would be true if appropriate instructions were not permitted), and an appeal to the Circuit Court is on the record alone made in the county court, and trial de novo cannot be had in the Circuit Court, except as a result of error in the trial in the county court, might amount to denial of due process. We do not pass on that question, because it is not necessary. We simply hold that an eminent domain proceeding in the county court is in the same category as any other civil cause in that court. There is a full hearing for both sides, including appropriate instructions; an appeal to the Circuit Court on the record made in the county court; and if no error is found there is an affirmance; if there be error, a reversal and trial de novo in the Circuit Court. State v. Carraway, 160 Miss. 263, 134 So. 846; City of Hattiesburg v. Pritchett, 160 Miss. 342, 134 So. 140. The Court held in both of those cases that on appeal from the county court to the Circuit Court in an eminent domain proceeding, the trial is not de novo in the Circuit Court, but is upon an assignment of errors. In the Pritchett Case the Court held that section 704 of the Code applied to all appeals from the county court to the Circuit Court, including eminent domain cases.

We do not understand that those cases, and what we are holding in the present case, conflict with State Highway Commission v. Day, 181 Miss. 708, 180 So. 794, and Mississippi State Highway Department v. Haines, 162 Miss. 216, 139 So. 168. In the Day Case the question here involved was expressly pretermitted. The opinion states that there was no request made in the Circuit Court for

a trial de novo, or objection of any kind interposed as to the procedure in that court. The Haines Case sustains, rather than conflicts with, what we are holding. It was held, among other things in that case, that the county court act did not repeal the eminent domain chapter, but that both must be construed together, and all provisions of each, not repugnant to those of the other, must stand. And that, so construing the statutes, appeals from the county court to the Circuit Court in eminent domain proceedings must be taken within ten days from judgment, or such extended time as the county judge might grant; and that the appellant must give notice to the stenographer to transcribe his notes, as prescribed by the statutes relating to court stenographers, sections 700-725, Code of 1930.

Whether the eminent domain court, composed of a justice of the peace and jury, provided for in the chapter on eminent domain, acts ministerially rather than judicially, is not involved in this case. It would, therefore, be inappropriate to determine whether or not Sullivan v. Yazoo & M. V. R. Co., 85 Miss. 649, 38 So. 33, holding that such a court acts ministerially, and not judicially, should stand.

It follows from what has been said that the county court erred in refusing to grant the requested appropriate instructions, in addition to the one provided in the chapter on eminent domain, section 1491, Code of 1930. That error appeared on the face of the record of the trial, which went up to the Circuit Court on appeal; which court, upon that ground, should have granted a trial de novo.

Reversed and remanded.