HARPER, et al. *v.* STATE HIGHWAY COMMISSION.

Jan. 26, 1953

No. 38600 17 Adv. S. 10 62 So. 2d 375

*A. Y. Harper,* for appellants.

*E. R. Holmes, Jr.,* and *Wright, Overstreet & Kuyken-dall,* for appellee.

McGehee, C. J.

This cause was heard on the petition of the appellee, Mississippi State Highway Commission, to condemn for right-of-way purposes three parcels of land on the east side of a 114½ acre tract north of Jackson belonging to the appellants Mr. and Mrs. A. Y. Harper and the heirs at law of Louis M. Jiggitts, deceased, the larger of which parcels is situated so that the right-of-way of U. S. Highway 51 as presently located constitutes the western boundary and white Oak Creek the eastern boundary thereof. The three parcels of land described in the petition consist of one parcel containing 4.82 acres for a link in the new highway now being located east of Tougaloo in Hinds County, and which parcel is 230 feet wide and approximately 900 feet in length, running north and south, near White Oak Creek, and on which parcel a dirt fill has been constructed which ranges from approximately 3½ to 7½ feet high. The north end of said parcel borders on White Oak Creek over which a concrete bridge about 48 feet long is constructed, and to the south of this parcel the original plans and specifications called for a culvert 4 feet high by 5 feet in length, it being intended that the water flowing in a southeasterly direction on the 114½ acre tract is to be drained by a ditch along the west side the dirt fill of the new highway and running to the north to White Oak

Creek, and that the water which comes against the south end of the said fill is to be drained toward the culvert located south of the 4.82 acre parcel.

One of the other two small parcels to be condemned contains .41 of an acre to the northwest of the north end of the 4.82 acre parcel, and is to be used for making a better channel for White Oak Creek for drainage purposes, and the other small parcel sought to be condemned contains .56 of an acre to the southeast of the north end of the 4.82 acre tract, is likewise for use in making a better channel of White Oak Creek for drainage purposes.

On the first trial in the county court the jury awarded to the appellants, as defendants in the suit, the sum of $17,000.00 as damages for the value of the three parcels taken and also for depreciation in value of the remainder of the land not taken. The witnesses for the State Highway Commission, who were experienced real estate men, fixed the total damages as being between $3,000.00 and $3,600.00, two of them at the former amount and one at the latter, whereas the witnesses for the defendant landowners fixed their damages between $20,000.00 and $30,000.00. Upon motion of the State Highway Commission this verdict of the jury was ordered by the county judge to be set aside, unless the landowners should within 5 days enter a remittitur in the sum of $7,000.00. The remittitur was not entered and the verdict was therefore set aside and a new trial granted.

On Friday before the second trial in the county court, which began on Monday, the State Highway Commission amended its plans and specifications so as to clearly delineate the proposed ditch immediately along the west side of the fill constructed for the new highway, and also to enlarge the culvert to the south of the 4.82 acre parcel, from its original size of 4 by 5 feet to 4 by 16 feet. The landowners were then notified of the proposed changes in the plans and specifications to be considered

by the jury on the second trial, but they were not specified in writing and on file until Saturday morning before the trial was to begin on Monday morning, and because of the amendment to the plans and specifications the landowners requested a continuance of the case on the second trial until they could have time to obtain expert engineering advice as to the extent the changes in the plans might affect the damages testified to by their witnesses on the first trial a few weeks before, it having been testified by at least two of the witnesses for the landowners on the first trial that unless something was done to take care of the water that would come from toward the old highway in a southeasterly direction toward the fill on the right of way the water would be caused to pond upon some of the land that was not being taken in the condemnation proceeding. This fact formed to some extent the basis of their calculation of the damages on the first trial. The motion for the continuance of the case to a later day was overruled by the county court and the trial was proceeded with on Monday as scheduled. The failure to grant the continuance to a later day of the court is one of the errors assigned on this appeal.

It is also assigned as error, among other grounds, that the circuit court should not have affirmed the verdict of $6,070.00 rendered on the second trial but should have reinstated the verdict of the $17,000.00 as rendered on the first trial. But we do not think the circuit court was in error in not reinstating the first verdict. It was held by this Court In Banc in the case of State Highway Commission v. Reddoch, et al., 184 Miss. 302, 186 So. 298, that ▆▆ ▆ an appeal from the county court to the circuit court in eminent domain proceedings, as in other civil cases, is on the record made in the county court, and if no error is found there is an affirmance, and if there is error there must be a reversal and a trial de novo in the circuit court.

Section 1536, Code of 1942, recognizes the right of a trial court to grant as many as two new trials if the facts and circumstances are such as to warrant the court in doing so. And the action of a trial court in setting aside a verdict and granting a new trial will not be disturbed unless there is a manifest abuse of his discretion in so doing. We are unable to say from the record on the first trial, which was made a part of the record on the second trial by a bill of exceptions, as provided for in Section 1537, Code of 1942, that the trial court was guilty of an abuse of his discretion in setting aside the verdict of the first jury in the amount of $17,000.00, and especially in view of the fact that he offered to let a verdict for as much as $10,000.00 stand, provided the remittitur of $7,000.00 was entered by the landowners.

 The correctness of the action of the county court in setting aside the $17,000.00 verdict at the end of the first trial is not dependent alone upon the question of whether or not the verdict was grossly excessive, but the court was also entitled to consider the basis on which the damages were evidently assessed on the first trial, and which fact was also assigned as error on the motion for a new trial in the county court.

It appears that the landowners had caused to be platted and filed for record Beverly Heights Addition No. 1 and Beverly Heights Addition No. 2, beginning as early as 1946, and that these subdivisions lie between White Oak Creek on the east side of the 114½ acres and Highway No. 51 as presently located and used by the traveling public. The proof for the landowners disclosed that prior to the first trial they had sold 137 lots for an average of $485.00, but that these lots were not sold for cash but in the main on credit, to be paid for at the rate of from $8.00 to $10.00 per month, to Negroes who desired to build in these subdivisions, located not far from Tougaloo College; that the damage to the land not taken in the condemnation proceedings related primarily

to approximately 16 to 18 acres, and was arrived at on the basis aforesaid and that the value of this unplatted portion of the land not taken was calculated on the basis of what the higher lots and those bordering on the old highway, before the new highway was proposed, were sold for. While it is true that the witnesses summarized their calculations by stating what the, entire value was before the taking and thereafter, they had assumed that there would be such further demand for lots in the now unplatted acreage as there had been for the platted area. We do not think that the county judge was guilty of an abuse of his discretion in setting aside the first verdict under all the circumstances hereinbefore stated.

For instance, it is not known but what the two subdivisions already platted will be sufficient to serve the need for residences for colored people who desire to build near Tougaloo College. That is to say, it is not known whether there will ever be occasion or need for platting and selling lots in the unplatted part of the lands of the defendants.

Having reached the conclusion that we are not justified in saying that the county court abused its discretion in setting aside the $17,000.00 verdict on the first trial, we now come to the question of whether the court should have granted a continuance for such time as was necessary on the second trial to enable the landowners to prepare to prove their damages by expert testimony under the changed situation brought about by the amendment of the plans and specifications for the proposed new highway. Ordinarily it is within the sound discretion of a trial court as to whether or not a continuance should be granted and we do not intend to depart from that well established rule except for exceptional circumstances. ██ ██ But in the instant case we are of the opinion that the landowners were entitled to more time within which to prepare to prove the full measure of their

damages under the changed conditions brought about immediately before the second trial.

For the foregoing reasons we have concluded that the case should be reversed and remanded to the circuit court for a trial de novo therein, even though no error may have been committed on the second trial other than the failure to continue the case to a later day of the court. Assuming that the project is now nearing completion, and that another jury might be able to better determine to what extent the drainage has been a success, it should be able to reach a proper verdict as to the amount of damages caused to the landowners by reason of the land taken, and by reason of injury to the remaining land because of the road-building project involved.

Reversed and remanded.

*Hall, Kyle, Arrington* and *Ethridge, JJ.,* concur.