WOMBLE, et ux. *v.* MISSISSIPPI STATE HIGHWAY COMMISSION.

No. 41643　　　September 26, 1960　　　123 So. 2d 235

*Breland* & *Whitten,* Sumner, for appellant.

*Murray L. Williams,* Water Valley; *Stone* & *Stone,* Coffeeville; *Matthew Harper,* Asst. Atty. Gen., Jackson, for appellee.

Holmes, J.

This is an eminent domain suit instituted by the appellee, Mississippi State Highway Commission, against the appellants, Robert L. Womble and Mrs. Hazel Ward Womble, to acquire a portion of the lands of the appellants in Yalobusha County for highway right of way purposes in connection with the construction of Interstate Highway No. 55.

The trial in the special court of eminent domain resulted in an award to the appellants of the sum of $8,-100. The Mississippi State Highway Commission appealed to the circuit court and the trial in the circuit Court resulted in a jury verdict in favor of the landowners in the amount of $10,650. The Highway Commission filed a motion for a new trial on the grounds of claimed excessiveness of the verdict. On the hearing of the motion for a new trial the circuit judge found that the verdict was grossly excessive and ruled that unless the landowners entered a remittitur of $2700, thus reducing the verdict to $7950, the motion for a new trial should be sustained. The landowners declined to enter such remittitur and accordingly judgment was entered sustaining the motion for a new trial. From this judgment the landowners prosecute this appeal. The landowners were not represented by counsel in either the special court of eminent domain or in the circuit court.

The sole question presented on this appeal is whether the trial court erred in sustaining the motion

for a new trial. The rule as universally announced in our decisions is that the action of the trial court upon a motion for a new trial is to be favorably considered upon appeal and supported unless manifest error appears or unless the action of the trial court in sustaining the motion shows a manifest abuse of his discretion, and the rule is particularly applicable where the new trial has been granted, since in such cases the rights of the parties are not finally settled as they are where a new trial is refused. Smith v. Walsh, 63 Miss. 584; Harper, et al. v. Mississippi State Highway Commission, 216 Miss. 321, 62 So. 2d 375; Long v. Magnolia Hotel Company, 236 Miss. 655, 111 So. 2d 645.

■■ ■ We are unable to say under the evidence in this case that the action of the trial court in sustaining the motion for a new trial upon the grounds of the excessiveness of the verdict was manifestly erroneous, or that the action of the trial judge in sustaining the motion showed an abuse of his discretion. Four witnesses for the Mississippi State Highway Commission, who qualified as to their familiarity with the land in question and with land values in the vicinity, testified as to the "before and after" value of the land. One placed the difference in value at $5100; another at $5500; another at $4100; and another at $4000. The only evidence to the contrary was that of the appellant, Robert L. Womble. His testimony as to the "before and after" value was vague and general. He said he "thought" that he ought to have $15,000, and that on that basis he placed a value on the land of $85,000 before the taking and $70,000 after the taking.

In view of the evidence in the case, we are clearly of the opinion that we would not be warranted in holding that the action of the circuit judge in sustaining the motion for a new trial was manifestly erroneous or showed a manifest abuse of his discretion. To the contrary, we are of the opinion that the action of the trial judge

was amply justified by the record. The judgment of the circuit court is therefore affirmed.

Affirmed.

*Hall, P. J.,* and *Ethridge, Gillespie* and *McElroy, JJ.,* concur.