## West, Minor By Next Friend *v.* Armstrong

No. 42841          January 27, 1964          159 So. 2d 805

*Talbot, Sullivan & Dunbar,* Clarksdale, for appellant.

*Brewer, Brewer & Luckett, James H. Phyfer,* Clarksdale, for appellee.

LEE, C. J.

This lawsuit grew out of a claim by Larry G. West, a minor by next friend, against N. Armstrong to recover damages for personal injuries sustained by him on account of the alleged negligence of the defendant, resulting from the collision of their automobiles at a street intersection in the City of Clarksdale.

The trial court, at the close of the plaintiff's evidence, granted the requested instruction to the jury to find a verdict for the defendant. The plaintiff appealed from the judgment of the court, and assigned that action of the trial court as reversible error, contending that the evidence made an issue for decision by the jury.

■■ ■ The Court, under numerous decisions and in the state of the present record, must consider as true the evidence for the plaintiff and all logical inferences to be drawn therefrom. Adhering to this rule, the evidence and its logical inferences were to the following effect:

This collision occurred near the intersection of East Second and Sharkey Streets. East Second, as the name implies, runs east and west, and Sharkey runs north and south. Traffic on East Second has the right of way over that on Sharkey. Cars on the latter must stop for traffic on East Second. The plaintiff, a seventeen year old boy, about 7:30 P.M. on April 5, 1962, in a Chevrolet car, was proceeding west on East Second, with the lights on and at a speed of 20 to 25 miles an hour. On the north and south sides of East Second and adjacent to the intersection were situated the Methodist Church and Powers Store, respectively. The street was paved for a width of 35 feet. It was somewhat congested, cars being parked on both sides and both regularly and irregularly. It was a dark evening and rain was falling. As the plaintiff was approaching in close proximity to the intersection, "at the corner of Powers Store" two lights came up in front of him, although

he could not explain exactly what happened immediately thereafter, at the precise moment of the impact. In another way he stated that when the two lights loomed up in front of him, he did not remember anything else until he later got out of the car.

A traffic officer, who went to the scene, testified that, with cars parked as they were, only about 22 feet remained for traffic before the collision; and that after the Ford station wagon had been moved, cars could proceed eastward. He further testified that, while no center line was actually marked on the pavement, yet, according to an imaginary center line, he found the debris and most of the Chevrolet on the north side of the line; and that the disabled Chevrolet was in its original position, following the wreck, and that it was a total loss.

Nathaniel Armstrong, the driver of the Ford, stated to the officer there on the scene that he was making a right-hand turn from Sharkey and headed east on Second Street. Larry West stated that he was traveling westward on East Second.

There was evidence to show that the plaintiff sustained physical injuries, but the extent thereof is not detailed in view of the disposition of the case at the time of the trial.

The two lights, appearing or looming before the Chevrolet, indicated either that a car was standing in the street without lights and they were suddenly turned on, or that it turned right or left from Sharkey. But the defendant's statement to the officer on the scene was that he was turning to the right from Sharkey. Obviously the congested East Second Street, due to indiscriminate parking of automobiles on both sides, increased the danger of collision by the automobiles with one proceeding west and the other turning to the east from the intersection.

■ ■ From the foregoing statement, it is obvious that the jury could have reasonably believed that the appellant, in compliance with the speed statutes, with his lights burning and in his proper lane of traffic, was struck as he reached the intersection, or was in such close proximity thereto as to constitute a hazard, because the defendant, in making his right turn into the intersection, crossed over the middle line of Second Street and struck the left front of the Chevrolet with the left front of his Ford. Such a finding might have been warranted by the appellee's violation of Section 8189(a) of the Code, that is, to approach and make the right turn as closely as practical to the right-hand curb or edge of the roadway, or the appellee's failure to obey Section 8197(b) of the Code in either failing to stop or not yielding the right of way to an approaching vehicle within the intersection, or approaching so closely as to constitute an immediate hazard. The position of the debris and the Chevrolet might have induced the jury to believe, although not necessarily, that the appellee negligently struck the appellant's car on the latter's proper side of the street.

■ ■ Of course circumstantial evidence is sufficient to make a case, if it meets the test set out in Johnston v. Canton Flying Services, Inc., 209 Miss. 226, 46 So. 2d 533, Farish et al v. Canton Flying Services, Inc., 214 Miss. 370, 58 So. 2d 915, Magnolia Petroleum Co. v. Stinson, 230 Miss. 533, 93 So. 2d 815, and the cases there cited.

■ ■ Besides, where a case turns upon circumstantial evidence, it should rarely be taken from the jury. Kurn v. Fondren, 189 Miss. 739, 198 So. 727; Cameron v. Hootsell, 229 Miss. 80, 90 So. 2d 195.

Since the evidence and the logical inferences make an issue for the jury, the court was in error in granting

the peremptory instruction. Consequently the cause is reversed and remanded.

Reversed and remanded.

*Gillespie, McElroy, Jones and Brady, JJ.,* concur.