TAFT *v.* SOUTHLAND COMMUNICATIONS, INC.

No. 43535        May 24, 1965        175 So. 2d 515

*Bidwell Adam, Upton Sisson,* Gulfport; *Forrest B. Jackson,* Jackson, for appellant.

*Lyle M. Page,* Biloxi, for appellee.

JONES, J.

This case comes from the Circuit Court of Harrison County. Appellant, Taft, sued appellee, Southland Communications, Inc., on a declaration containing three counts. The first alleged that appellee was indebted to appellant for unpaid salary for several months during 1963, totaling $2800. The second alleged appellee was indebted to him in the sum of $600 for rental of residential property. The third alleged that the appellee was indebted to appellant for $792, the amount of an insurance check in which appellant was the payee and which had been received by appellee and deposited to the credit of appellee.

The answer was a general denial of indebtedness under any of these counts. The case was tried at the April 1964 term and a jury verdict in favor of appellant for the total amount claimed was rendered.

On May 8, 1964, the judge sustained appellee's motion for a new trial, setting aside the verdict of the jury as against the overwhelming weight of the evidence. In the original trial there was no plea of accord and satisfaction and no contention made relative thereto.

At the June 1964 term of the court the attorneys for the parties entered into the following stipulation:

It is agreed by and between counsel representing the Plaintiff and the Defendant in this case that the evidence, both oral and documentary, heretofore introduced on the trial of this case at the last term of Court, including all motions, objections and ruling thereon, shall be considered as having been reintro-

duced, word for word in its entirety, on the retrial of this case today; that the identical instructions requested by both the Plaintiff and the Defendant on the former hearing are now re-requested, and the Court's ruling on the same; except, however, the Defendant additionally requests on this hearing the instruction for a directed verdict for the Defendant, upon which the Court may rule.

There was still no plea of accord and satisfaction filed and none appears in the record now. However, on the hearing in pursuance to said stipulation the court granted a peremptory instruction for appellee and there was entered a judgment reciting a verdict for the defendant by the jury empaneled. From this judgment this appeal is taken. We are reversing and remanding for a new trial.

On this appeal appellant argues that the granting of a new trial after the first trial or the order setting aside the verdict of the jury in the first trial as against the overwhelming weight of the evidence was erroneous and that we should reverse the case and reinstate the judgment entered on the first trial.

We are unwilling to do that in view of the decisions of this Court, as stated in *Foster v. Copiah County Co-Op, AAL,* 246 Miss. 218, 148 So. 2d 702 (1963):

At an early date our Court aligned itself with practically all authorities in announcing the rule that the action of a trial court in granting a new trial should be favorably considered on appeal and should not be reversed unless the lower court was manifestly in error. In the case of Smith v. Walsh, 63 Miss. 584, this Court said: ''We are unwilling to disturb the judgment of the lower court in granting a new trial upon the first verdict. The rule that the action of the trial court upon a motion for a new trial is to be favorably considered upon appeal, and supported unless manifest error appears, is peculiarly applicable

where the new trial has been granted, since in such cases the rights of the parties are not finally settled as they are where a new trial is refused, but another trial is had.''

Since it was first announced by this Court this rule has been consistently followed as evidenced by the decisions of the Court in Harper v. Mississippi State Highway Commission, 216 Miss. 321, 62 So. 2d 375, 377, and Long v. Magnolia Hotel Co., 236 Miss. 655, 111 So. 2d 645, 649. And in the recent case of Womble v. Miss. State Highway Com., 239 Miss. 372, 123 So. 2d 235, 236, our Court again said: ''The sole question presented on this appeal is whether the trial court erred in sustaining the motion for a new trial. The rule as universally announced in our decisions is that the action of the trial court upon a motion for a new trial is to be favorably considered upon appeal and supported unless manifest error appears or unless the action of the trial court in sustaining the motion shows a manifest abuse of his discretion, and the rule is particularly applicable where the new trial has been granted, since in such cases the rights of the parties are not finally settled as they are where a new trial is refused. Smith v. Walsh, 63 Miss. 584; Harper, et al v. Miss. State Highway Com., 216 Miss. 321, 62 So. 2d 375; Long v. Magnolia Hotel Co., 236 Miss. 655, 111 So. 2d 645, 114 So. 2d 667.'' (246 Miss. at 227-228.)

We are unwilling to say that the action of the trial court in sustaining the motion shows a manifest abuse of discretion.

██ █ On the question of accord and satisfaction it appears from the briefs and the stipulation above that the court actually decided the case on the question of accord and satisfaction. As stated, accord and satisfaction was not pleaded. However, counsel tried the case before the judge on the stipulation above-quoted and

we are holding that under all the facts and circumstances the appellant waived the pleading of accord and satisfaction.

However, we are of the opinion that the court was in error in granting a peremptory instruction on that issue or on the case as a whole.

In considering whether a peremptory instruction for defendant was properly given, this Court must consider as true the evidence by the plaintiff and all logical inferences to be drawn therefrom. *West v. Armstrong*, 248 Miss. 617, 159 So. 2d 805 (1964), together with the numerous cases cited in 2 Mississippi Digest *Appeal and Error* key number 927 (1936 and Supp. 1965).

Applying this rule and without going into detail as to the evidence, we are of opinion that the case should have been permitted to go to the jury on the general issues as made by the pleadings and also on the question of accord and satisfaction.

We are reversing and remanding the case for a new trial before which the pleadings may be properly redrawn or amended so as to present the issues desired to be heard by the court or submitted to the jury.

Reversed and remanded.

All Justices concur.