GILLESPIE, Presiding Justice.
This is an eminent domain case. Proceedings were begun in the county court to condemn the property of Mrs. Mildred B. Evans and her husband, Thomas R. Evans, for highway purposes in the construction of new Interstate Highway 20. The case was *806 tried in the county court, and the jury returned a verdict of $40,000. The Highway Department appealed to the circuit court where the judgment of the county court was reversed. The cause was tried de novo in the circuit court, and the jury returned a verdict of $28,000. The landowners appealed to this Court and assign as error the action of the circuit court in reversing the judgment of the county court.
The property involved in this suit consists of two parcels. Parcel No. 1 fronts 152.4 feet on Terry Road and has a depth of 293 feet. It is bound on the south by Lilac Street. At the time the condemnation suit was filed a brick home was located on this lot. The entire lot is within the right-of-way for Interstate Highway 20. Parcel No. 2 is located some 900 feet south of Parcel No. 1 and has a frontage of 125.7 feet on Terry Road and a depth of 125 feet along Wagwood Street. The part of this lot condemned by the Highway Department is approximately 39 feet from the end which fronts on Terry Road.
This property is within the City of Jackson, and Parcel No. 1 is two blocks south of the intersection of present U. S. Highway 80 and Raymond Road. The intersection area is business property, and business property is located on Terry Road for several miles south of Parcel No. 1, interspersed with some residential areas. Parcels No. 1 and 2 were zoned for residential purposes at the time of the filing of the condemnation suit. Commercially zoned property extended to within one lot of Parcel No. 1.
The three expert appraisers introduced by the Highway Department valued Parcel No. 1 at $14,824 to $15,785 and estimated the damages to Parcel No. 2 at $1568 to $2600. These valuations were based on.the property being zoned as residential property, although one of the appraisers indicated that he took into consideration the potential of the property for commercial purposes.
Four appraisers offered on behalf of the landowners valued Parcel No. 1 for uses other than residential at $45,000 to $49,000 and estimated the damages to the smaller tract at $5,000 to $7,000. One of their witnesses valued Parcel No. 1 at $26,400 and estimated damages to Parcel No. 2 at $5,-000, based on residential classifications. The testimony as to damages in the circuit court trial was substantially the same as in the county court trial.
The principal issue on the question of evaluation was whether the property should be considered as residential or commercial. We are of the opinion that the evidence overwhelmingly shows that the highest and best use of Parcel No. 1 was for commercial purposes. The residence on this lot had been allowed to deteriorate since it had been known for a number of years that the property would be taken for highway purposes. The general area is commercial and the property was zoned commercial up to the lot immediately to the north of Parcel No. 1.
In the first trial in the county court the proof showed that on January 20, 1959, the landowners requested the rezoning of Parcel No. 1 from residential to commercial. The request was referred to the Zoning Committee of the City of Jackson, and the minutes of the committee of February 9, 1959, indicated that the landowners did not file definite construction plans for the professional offices proposed to be erected on Parcel No. 1, that the committee had information that the property would be located in the right-of-way of the new Interstate Highway 20 and that as a result, the committee recommended deferring action until additional information could be obtained from the Highway Department. On March 9, 1959, the Zoning Committee entered a further minute on their records reciting that representatives of the Highway Department were present at the meeting and stated that they had every reason to believe that the plans for the proposed highway construction would be completed within the next twelve months and that preliminary plans showed that all or a portion of Parcel *807 No. 1 would be taken for highway purposes. Thereupon the committee recommended that the property not be rezoned, and on March 19, 19S9, the City Council accepted the committee’s recommendations and denied the rezoning request. On November 17, 1959, the landowners made another request for rezoning, which request was also denied. The minutes of the Zoning Committee show that it had received information that Interstate No. 2Ó would take all or part of the property. For this reason the request for rezoning was denied. On February 17, 1960, the City Council acceptr ed the recommendation of the. Zoning Committee and again denied the landowners’ rezoning request.
Upon its appeal to the circuit court from the judgment of the county court, the Highway Department contended that the county court erred in admitting the, testimony of former City Commissioner Marshall. During the course of the trial in the' county court Commissioner Marshall, who was a member of the City Council at the time of the denial of the several rezoning requests, testified on behalf of the landowners concerning the character and nature of the property involved. This testimony was based upon his personal knowledge, since he had lived in the immediate neighborhood. He also testified concerning the proceedings of the City Council when the rezoning requests were under consideration. He testified as to what he thought were the factors which motivated the other two commissioners in refusing to rezone the property. In doing so he testified to facts not reflected in the minutes. The circuit court held that this testimony was inadmissible and constituted reversible error. We concur in the decision of the circuit court that some of the testimony of Commissioner Marshall was jnadmissible. We are of the opinion, however, that the error was harmless under the circumstances. It was proper to show the minutes of the Zoning Committee, and these minutes reflected that the dominant reason for the committee recommending to the City Council that the petition of the landowners be denied was the fact that the Highway Department would need the property for highway purposes. Commissioner Marshall’s testimony added little to what was shown by the minutes of the Zoning Committee.
The history of this property shows that the landowners first sought to rezone Parcel No. 1 in January 1959. The various requests for rezoning were denied by the City Council. Finally, on June 23, 1964, the Highway Department filed its petition to condemn the property for highway purposes.
We have not had heretofore an eminent domain case comparable to this. Without the fault of anyone, the zoning status of Parcel No. 1 was frozen for a period of approximately five and one-half years and the property was in a state of limbo during that period. When the second trial was had in the circuit court, the property had been taken over by the Highway Department. Its physical characteristics had been changed, and the jury could not view it as it had been before the taking.
Appellee argues that the action of the circuit court in granting a new trial should not be disturbed unless there was a manifest abuse of its discretion. This Court has held in numerous cases that the action of-a trial court upon a motion for a new trial is to be favorably considered on appeal unless manifest error appears or unless its action in sustaining the motion shows a manifest abuse of discretion. Womble v. Mississippi State Highway Comm’n, 239 Miss. 372, 123 So.2d 235 (1960). The reason for this rule is that the trial judge has a much better opportunity to know the case than does a judge who reads the printed record of a trial. However, the circuit judge, in reversing the county court in this case, was acting in an appellate capacity. He was not the trial judge. We are of the opinion that the foregoing rule should not apply to the action of the circuit court in granting a new trial upon an appeal from the county court.
*808 ' After'careful consideration! of "the argil-'ments of appellee, we aré of the opinion that the judgment of the circuit Court should be reversed and the 'judgment of the county court reinstated. - ■■ •
Reversed and judgment here.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.