198 So.2d 248 (1967)
IDEAL CEMENT COMPANY, a Corporation, and Robert Gary Smith
v.
Mrs. Ora KILLINGSWORTH, Dennis L. Killingsworth, a Minor, and Debbra A. Killingsworth, a Minor.
No. 44390.
Supreme Court of Mississippi.
April 24, 1967.
Suggestion of Error Overruled May 8, 1967.
*249 Bryant & Stennis, Gulfport, for appellants.
Cumbest, Cumbest, O'Barr & Shaddock, Pascagoula, for appellee.
INZER, Justice.
The widow and two minor children of Lavon Killingsworth brought suit against Ideal Cement Company, a foreign corporation, its employee, Robert Gary Smith, and C.D. McVeay, charging defendants with negligently causing the death of decedent. Killingsworth received fatal injuries when struck by a company automobile being driven by Smith on U.S. Highway 90 near Gautier, Mississippi.
At the time of the accident decedent and a friend were at the rear of a stalled black automobile, attempting to push it across the highway from an intersection bay in the neutral ground separating the double eastbound and westbound traffic lanes. McVeay was inside the stalled car steering it toward the south.
*250 It was after 7 p.m., a damp, dark night. The pavement of the highway was wet. The weather was overcast, although windshield wipers were not needed. Decedent was pushing the stalled car at the left rear fender on the driver's side. In attempting to start the car earlier, the battery had been run down, and only the parking lights were on. Decedent's companion was behind or beside the right rear fender, his hand obscuring the red taillight to some extent. The car had been pushed to the center of the two eastbound lanes, and the right or passenger side of the car was at right angles to the eastbound traffic lanes when Smith's car approached in the eastbound lane nearest the neutral ground.
Smith was about 200 feet away when he saw the white t-shirt which decedent was wearing and the outline of the stalled car. Smith applied his brakes and was attempting to pass between the rear of the stalled car and the neutral ground at the intersection when decedent moved away from the car and began to run backwards toward the neutral ground. Smith's left front fender struck decedent and the right rear hit the stalled car. The car struck decedent with sufficient force to propel him 74 feet from the point of impact. Smith's car skidded 60 feet before the impact and traveled 170 feet after the impact before coming to a stop.
Decedent lived for about five hours after the accident, and was in extreme pain. He suffered a ruptured spleen, ruptured liver, ruptured intestines and multiple compound fractures. He was administered 30 pints of blood and underwent emergency surgery in an attempt to save his life. At the time of his death decedent was 25 years of age, had a life expectancy of 45.36 years, had three dependents, and was earning between $170 and $230 per week.
The trial jury in Jackson County Circuit Court found against appellants and assessed plaintiffs' damages at $225,000. The jury found for the defendant McVeay, and he is no longer a party. From this judgment this appeal is prosecuted.
Appellants urge among other things that the trial court was in error in refusing to grant their motion for a judgment notwithstanding the verdict of the jury. The basis of this assignment of error is that appellants made a motion for a directed verdict which was refused by the trial court and that the court was given the opportunity to correct its error by the motion for a judgment notwithstanding the verdict. The theory upon which they contended they were entitled to a directed verdict is the doctrine of assumption of risk. We find no merit in this contention. Although decedent was guilty of contributory negligence, it cannot be said that the facts in this case justify the application of the doctrine of assumption of risk. The distinction between the doctrine of assumption of risk and contributory negligence is pointed out in Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947), and the essential elements that must be found in order to substantiate the defense of assumption of risk are set out in Elias v. New Laurel Radio Station, Inc., 245 Miss. 170, 146 So.2d 558 (1962). We see no necessity of repeating here what was said there.
Appellants also assign as error the trial court's failure to sustain a motion for a new trial, in that (1) the verdict of the jury is so large as to evidence passion, prejudice and bias on behalf of the jury; (2) witnesses were allowed to testify as to the speed of Smith's automobile at a point removed from the scene of the accident; (3) witnesses were allowed to testify as to remarks passed between them as to Smith's speed; and (4) certain instructions were prejudicial.
Smith estimated that his speed immediately prior to the accident was 55 to 60 miles per hour. Two other persons whom he had just passed estimated his speed at 70, and another at 65 to 70. McVeay, driver of the stalled automobile, said *251 Smith's speed was about 80 miles per hour. Two of the witnesses were passed by Smith more than a quarter of a mile from the scene of the accident. In the case of Barrett v. Shirley, 231 Miss. 364, 95 So.2d 471 (1957), the trial court allowed a witness to testify that an automobile passed him traveling 75 or 80 miles per hour some one-quarter to one-half mile from the place of the collision, and that he recognized the car as the one involved in the collision when he arrived at the scene of the accident a few minutes later. This Court held such testimony was reversible error. In the case at bar, however, the witness who had testified as to Smith's speed stated that Smith's vehicle never got out of his sight prior to the accident. We hold that the witness's testimony was admissible for the reasons cited in Barrett v. Shirley, supra:
As a general rule where the speed of a vehicle is a factor in determining the proximate cause of a collision the evidence as to speed should be limited to the time of, or immediately before, the collision, and the court should exclude evidence of speed prior to and remote from the collision in question; but evidence of prior speed may be admitted if (1) the evidence shows the vehicle continued to be operated approximately at the same speed until the collision occurs, or (2) where the circumstances are such, because of the nearness of the prior speed to the collision in point of time and distance or because of other factors, that the prior speed has substantial evidential value as to the speed of the vehicle at the time of, or immediately before, the collision. (231 Miss. at 373, 95 So.2d at 474)
Over the objection of counsel, the trial court allowed one of the above witnesses to testify that on observing Smith he said, "`Damn, he's in a helluva hurry' or something like that. I don't remember the exact words."
This remark was made prior to the occurrence of the accident, and not as part of the res gestae. It was hearsay, and as such, inadmissible. However, we do not think its admission is reversible error for the reason that other witnesses testified as to Smith's speed immediately prior to the accident.
Appellants also object to certain instructions regarding Smith's duty to drive within the range of his headlights and to reduce speed because of weather or highway conditions and at intersections. Instructions were given in behalf of appellants on the theory of comparative or contributory negligence, on sudden emergency, and on assumption of risk. Taken as a whole, the instructions were not prejudicial to appellants, who in fact had the benefit of an instruction that decedent was guilty of negligence as a matter of law. The evidence clearly made it a question for the jury. Appellants were not entitled to a peremptory instruction nor, as stated above, was the doctrine of assumption of risk applicable.
This brings us to what we deem to be the important question involved in this case, whether the verdict of the jury is so large that it indicates such prejudice as to require a new trial. The jury was instructed that the decedent was guilty of negligence and that if they found for him they should reduce the damages by the proportion which his negligence bears to the entire negligence involved. From the size of the verdict in this case it is apparent that the jury did not respond to this instruction. This is evidence of bias, passion or prejudice on the part of the jury, and for this reason we are of the opinion that this case should be reversed and remanded for a new trial on the question of damages only unless appellees will enter a remittitur of $65,000. If the remittitur is entered within ten days after the judgment of this Court becomes final, a judgment will *252 be entered here in favor of appellees for $160,000.
Affirmed as to liability, reversed and remanded for a new trial on question of damages only unless specified remittitur is entered.
GILLESPIE, P.J., and RODGERS, JONES and BRADY, JJ., concur.