GILLESPIE, Presiding Justice:
This is an appeal from a judgment in an action brought as a result of a two-truck collision in which Alfred O. Coleman lost his life. The plaintiffs below (appellants and cross-appellees here) were the wife and two children of Coleman (hereinafter the deceased) for whose death damages were sought; the defendant below (appellee and cross-appellant here) was Thomas Teague. The jury returned a $165,000 verdict in favor of the plaintiffs. Upon the defendant’s motion for a new trial, the lower court ordered a new trial on the issue of damages only unless plaintiffs entered a remittitur of $65,000. Therefrom, the plaintiffs perfected the instant appeal to which the defendant filed a cross-appeal. We affirm. ,
The collision of the tractor-trailer truck driven by the deceased and the flatbed truck operated by the defendant occurred in the early morning of March 14, 1968, on Mississippi Highway 12 about four miles east of Lexington. The deceased was traveling in an easterly direction and the defendant in a westerly direction. Aside from the defendant, there are no surviving witnesses to the accident.
On direct appeal, plaintiffs contend that the trial court erroneously ordered a new trial on the issue of damages unless a $65,-000 remittitur was entered. They contend that no evidence existed upon which the trial court could base its finding that the verdict of the jury evinced bias, passion and prejudice. In his cross-appeal, defendant asserts that the trial court erred in overruling his motion for a peremptory instruction and for a judgment notwithstanding the verdict and that the verdict is contrary to the overwhelming weight of the evidence.
CROSS-APPEAL ON THE ISSUE OF LIABILITY
The cross-appellant, defendant below, maintains that his testimony, being that of the only surviving witness to the collision, and the inferences which can be reasonably drawn from certain physical facts were uncontradicted in regard to the question of liability. The defendant testified that the deceased’s truck abruptly and without warning swerved into the westbound traffic lane to avoid hitting a pony which had wandered upon the south shoulder of the highway and, in so doing, caused a collision with the truck which he was operating in a proper manner in the proper (westbound) lane. Defendant argues that the photographs and testimony concerning the physical facts are consistent with his testimony that deceased was on the wrong side of the highway.
It was shown by photographs and testimony that a bleached line on the pavement caused by acid from the bursted battery of deceased’s truck began in the eastbound lane several feet south of the center line of the highway and continued to the point where the deceased’s vehicle came to rest; skid marks in the eastbound lane and south shoulder were probably from deceased’s vehicle; the absence of skid marks in the westbound lane; debris was on both sides of the center line of the highway; and a substantial portion of defendant’s truck, although turned over, was on the paved portion of the westbound lane. These physical facts justified the jury in finding that defendant’s truck was in the wrong (eastbound) lane when the collision occurred. We are therefore of the opinion that the court properly submitted the question of negligence to the jury and that the evidence justified the verdict in favor of plaintiffs. We affirm the trial court on cross-appeal.
DIRECT APPEAL AS TO REMITTITUR
On direct appeal, it is maintained by the plaintiffs below that the trial court erroneously ordered a new trial on the question of damages unless the plaintiffs .entered a remittitur of $65,000.
Coleman apparently died instantaneously from the collision. There was no proof of *871 pain and suffering. At the time of his death Coleman was forty years of age with a life expectancy of 33.92 years. He was employed as a truck driver and had a regular income of approximately one hundred dollars ($100) per week. Mrs. Coleman testified that her husband of twenty years had been in good health, a loving and affectionate marriage partner, and a good father for their two children, Joanne, nineteen years of age and married and Patricia, ten years of age. The deceased was a good provider who spent all of his wages upon the family. He was purchasing a family home and was a regular church attendant with his family.
The plaintiffs urge the court to reverse the trial court and reinstate the jury verdict. They rely, among other cases, upon Gibson v. A. P. Lindsey, Distrib., Inc., 233 Miss. 853, 103 So.2d 345, 104 So.2d 456 (1958), as defining the rules governing the question of granting a new trial on the question of damages, and upon Ideal Cement Co. v. Killingsworth, 198 So.2d 248 (Miss.1967), as a comparable case on the amount of the verdict. Plaintiffs also point out the diminishing value of the dollar as a factor to be considered in determining the question of damages.
The defendant relies heavily upon Illinois Cent. R. R. v. Nelson, 245 Miss. 395, 146 So.2d 69, 148 So.2d 712, 4 A.L.R.3d 1217 (1962), where this Court ordered a new trial unless a remittitur of $35,000 was entered by plaintiffs, the jury verdict being for $150,000.
The foregoing cases and many others serve as guides. This Court has repeatedly stated that each case must be reviewed on the basis of the particular facts involved. However, in this case the Court is called upon to review the action of the trial court on ordering a new trial, a significantly different function from the exercising of the Court’s power in directly reviewing a jury’s verdict. The criterion for reviewing the action of the trial court in granting a new trial on the question of damages is stated in the recent case of Dendy v. City of Pascagoula, 193 So.2d 559 (Miss.1967) to be as follows:
We have consistently held in a long line of cases that this Court, in considering the action of the trial court in passing on a motion for a new trial will consider the action with favor and support it unless it is manifestly wrong. Especially is this true where a new trial has been granted, since the rights of the parties are not finally settled at this point. We will not disturb such action unless it is a manifest abuse of discretion, (citations omitted) (193 So.2d at 564).
After a careful review of the case we are unable to say that there was a manifest abuse of discretion by the trial judge. The judgment is therefore affirmed on direct appeal and the case will be remanded for a trial on the issue of damages only unless the plaintiffs enter a remittitur of $65,000 within fifteen days after the judgment of this Court becomes final.
Affirmed on direct and cross-appeals and remanded unless specified remittitur entered.
RODGERS, BRADY, INZER and ROBERTSON, JJ., concur.