HORNSBY *v.* LOGARAS.

Division A.   Jan. 15, 1951.

No. 37788  (49 So. (2d) 837)

**E. F. Coleman**, for appellant.

**Garraway & Williamson**, for appellee.

**Lee, J.**

On July 11, 1949, W. T. Hornsby, for hire, contracted to move the household furniture and effects of Mrs. Lillian Logaras from Purvis to New Orleans. To that end, he loaded the goods, and parked the truck for the night in the edge of his front yard. On the following morning he picked up Mrs. Logaras at a neighbor's house, and, in the loaded truck, they started to New Orleans. On stopping at the bridge over Lake Pontchartrain, Hornsby discovered that one of the articles, a cedar robe, was missing. Thereupon, they retraced their steps to Picayune in an effort to find the lost article, but without success.

Mrs. Logaras sued for the value of the robe and its contents. The jury returned a verdict for $150; and Hornsby has appealed here.

Appellant contends that he was entitled to a directed verdict; but, if not, his motion for a new trial should have been granted, because the verdict was contrary to the overwhelming weight of the evidence.

For the appellee, the evidence showed the contract with Hornsby, the entrusting of the goods into his hands, and his failure to deliver.

The appellant undertook to show that the robe was securely fastened, and that its loss was occasioned by no negligence on his part.

The dimensions of the robe were 4 feet by 5 feet by 18 inches. It was placed on top of other articles. Appellant attempted to secure it by tying one rope lengthwise and another crosswise over it. However, when the loss was discovered, the ropes were slack. Such condition could reasonably indicate that they were not tied properly at first. His only explanation as to how the loss occurred was that "one end just worked aloose and it fell off" and "I have been wondering myself how it worked off. It worked off and lost is all the explanation I can give. I was very much surprised that it was lost because I thought I had it so well tied and secure".

In view of the above explanation, certain conflicts in the evidence become immaterial.

Under the facts in this case, the appellant was a private or contract carrier. 13 C. J. S., Carriers, Section 3, p. 31. When the robe was delivered to him, and was lost while in his care, there was a prima facie presumption of negligence. See Yazoo & M. V. R. Co. v. Hughes, 94 Miss. 242, 47 So. 662, 663, 22 L. R. A., N. S., 975, where it was said: "It may now be said to be established that, when a bailor shows that goods are delivered to his bailee in good condition and are lost or destroyed or returned in a damaged condition, this fact creates a prima facie presumption of negligence; and it thereupon devolves upon the bailee to absolve himself from negligence." See also Smith v. Farmers Ginning, Ass'n, 201 Miss. 573, 29 So. (2d) 663.

Since appellant's explanation was that "one end just worked aloose and it fell off", it was for the jury to say whether or not he was negligent in the way and manner of tying the ropes in the first instance.

The instructions, taken as a whole, announce the correct principle that the appellant was not an insurer, but was under the duty to exercise ordinary or reasonable care to prevent the loss of the robe.

Appellant's complaint on account of the refusal of an instruction that no verdict could be returned

against him for the theft of the robe falls for two reasons: (1) there was no proof by the appellee to show theft; and (2) appellant's proof showed loss on account of one end working loose so that the robe fell off.

Since the evidence made an issue for the jury and was sufficient to sustain the verdict, the lower court was not in error either in refusing the peremptory, or in overruling the motion for a new trial.

Affirmed.