RODGERS, Justice.
The plaintiff, Dick Hamm, brought suit against F. B. Walker & Sons, Incorporated, for damages to his yacht “Blue Ensign.” When the plaintiff had concluded his testimony, the defendant made a motion for a directed verdict and the trial court sustained the motion and granted judgment in favor of F. B. Walker & Sons, Incorporated, dismissing the action. The appellant, plaintiff in the court below, has appealed from the judgment.
In determining the issue on appeal as to whether or not the trial court was correct in directing a verdict for the defendant, every material fact which the evidence tends to prove in favor of the plaintiff must be accepted as true. See authorities cited in Taft v. Southland Communications, Inc., 253 Miss. 204, 175 So.2d 515 (1965).
The evidence on behalf of the plaintiff shows that John D. Branyon, acting as agent on behalf of the plaintiff, entered into a verbal contract with Jimmie Walker, Vice President of defendant’s corporation, to repair certain damaged machinery in the yacht “Blue Ensign.” The yacht was delivered to the defendant-corporation for the purpose of repairs. The Vice President of appellee-corporation, however learned that one of its boats required emergency repairs. In order to make the repairs, it was necessary to move the Blue Ensign from its position in front of the way so that the boat belonging to the appellee could be dry docked. The defendant’s employees directed Mr. Branyon to move the boat to a certain place where it could be moored. Employees of appellant assisted Mr. Bran-yon in moving the boat, and in rigging an electric cable to it. Mr. Branyon left the yacht, for the purpose of being repaired, where it was accessible to the employees of the defendant. The defendant-corporation later removed the yacht from this location and repaired the boat as agreed upon. When Mr. Branyon returned, however, he discovered that the back end of the boat had sunk and the inside had been damaged. Mr. Branyon testified that Mr. F. B. Walker agreed to repair the damage and Mr. Walker testified that he thought he had repaired the damage because his employees had put the mattresses and other wet articles out to dry. The appellant had a surveyor or appraiser to determine the damage done to the yacht by the water, and the evidence shows that there was considerable water damage.
Appellant’s testimony shows that the yacht had been recently refurbished and was in good condition at the time it was delivered to the appellee, with the exception of the damaged machinery which ap-pellee had contracted to repair.
Did these facts establish a prima facie case of negligence against the ap-pellee, B. F. Walker & Sons, Incorporated, for damages to the Blue Ensign? We think that these facts did create a prima facie case. Under the law of bailment, where a bailor delivers personal property to a bailee in good condition, under a contract to repair the bailed property, or where the bailment was for their mutual benefit, and the property is destroyed or returned in a damaged condition, such fact creates a prima facie presumption of negligence on the part of the bailee, for which the bailor will be entitled to recover unless the bailee can show that the damage was not caused by his negligence. Hornsby v. Logaras, 210 Miss. 512, 49 So.2d 837 (1951); Smith v. Farmer’s Ginning Ass’n, 201 Miss. 573, 29 So.2d 663 (1947); Yazoo & M. V. R. Co. v. Hughes, 94 Miss. 242, 47 So. 662, 22 L.R.A.,N.S., 975 (1908); 8 C.J.S. Bailments § 50(2), at p. 518 (1962).
When the owner of the Blue Ensign established by evidence the delivery of the yacht in good condition to the bailee-defendant to be repaired, and showed that it was damaged while in the bailee’s care, he was entitled to have his claim for damages submitted to the jury, *819 and entitled to a judgment, unless the bailee offered evidence in explanation of the default, by showing facts and circumstances sufficient to exonerate it from liability. However, if the bailee had then offered satisfactory evidence showing due care to the hailed property, it would have then become the duty of the bailor to go forward to show negligence on the part of the bailee. Buntin v. Fletchas, 257 F.2d 512 (5th Cir. 1958). A mere denial of the bail contract raises an issue of fact.
We are of the opinion that the trial court committed reversible error in directing a verdict for the defendant in the instant case. We therefore reverse and remand the case for further proceedings in accordance with this opinion.
Reversed and remanded.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.