GILLESPIE, Chief Justice.
Carolyn C. Buskirk was adjudged in contempt of the Circuit Court of Lee County and sentenced to serve thirty days in jail and fined $300.
Mrs. Buskirk was summoned to appear as a witness in a criminal case. She was served with process requiring her to appear on February 4, 1974, and to “attend from day to day and from term to term until discharged.” She appeared on February 4 but the trial was not had and she was released. On April 24, 1974, she was again served with a subpoena and directed to report to the courthouse on May 20, and to “attend from day to day and from term to term until' discharged.” Mrs. Buskirk appeared at the designated time, but the case was not heard and she was told she would be notified when to be back in court. She was again summoned but the subpoena was not executed. The trial was set for August 26, 1974, and Mrs. Buskirk declined to attend, after which the contempt proceedings were had and resulted in the judgment stated.
The evidence fully justified the court in finding that Mrs. Buskirk demanded (but did not receive) $500 from someone interested in the trial for not appearing, and that she also knew when the trial was scheduled because she had talked to the sheriff who told her when to report. The court was fully justified in finding that she deliberately and wilfully refused to appear and testify.
The question to be answered is whether the case is controlled by Mississippi Code Annotated section 99-9-21 (1972), which provides in pertinent part that every witness summoned in a criminal case shall attend from day to day and from term to term without further notice until discharged, and in default thereof shall be fined not more than $500.
It is contended that this statute provides the only punishment that can be meted out in this case. We do not agree. Were this a case of inadvertent default on the part of a witness, or a case where a witness simply forgot to report to give testimony as he had been required by subpoena to do, then there might be some merit in the argument that punishment, if any, should be meted out under the aforementioned statute. But this is not a case of simple inadvertence or oversight of a defaulting witness. This is a case where a *297 witness wilfully and deliberately refused to obey a court order for the purpose of impeding, embarrassing, obstructing, defeating or corrupting the administration of a court of justice. Accordingly, the trial court found, and we think rightfully so, that the witness’ actions constituted constructive contempt of court.
Contempt of court occurring while the court is not sitting is constructive contempt. The power of the court to punish for constructive contempt is inherent and implied in the judicial function; it is not derived from the statutes. Melvin v. State, 210 Miss. 132, 48 So.2d 856 (1950), suggestion of error overruled, 210 Miss. 134, 49 So.2d 837 (1951).
Affirmed.
RODGERS, P. J., and PATTERSON, INZER, SUGG, WALKER and BROOM, JJ., concur.