GILLESPIE, Chief Justice:
Appellant, Evan Doss, Jr., Tax Assessor and Collector, was held in contempt of the Circuit Court of Claiborne County for failure to obey a writ of mandamus and imprisoned for ninety days and fined $1,000. The dispositive question is whether the judgment is rendered invalid by Doss’ prejudgment offer to comply with the writ.
On November 1, 1973, the Circuit Court of Claiborne County entered an order for the issuance of a writ of mandamus requiring Doss to:
[I]n person or by deputy; (1) accept all applications for motor vehicle license tags tendered him, or his deputy, and assist those taxpayers applying for license tags who do not have application card in the preparation of their application cards; (2) process the same to determine the total amount of all taxes and receive the sum of such taxes due; issue receipts therefor and deliver the receipts and license tags to the motor vehicle owners or their agents.
Additionally, the order provided:
[T]his Mandamus as to the collection and receipt of taxes shall be understood to continue for the full term of office of the defendant and the defendant is assessed with all costs that have accrued in this proceeding, for which let execution issue.[1] (Record, p. 13-B).
On October 31, 1974, the last day for the purchase of automobile tags, two members of the board of supervisors and the son of one of them went to the tax collector’s office to buy several private automobile tags. They had consulted the district attorney, and an intern, assigned to the district attorney, accompanied them. After waiting about an hour, the parties left without purchasing their tags. They were not refused service but were told several times to wait and they would be reached in a few minutes. The parties thought they were not waited on within a reasonable time, and that others who came in after them had purchased tags. Doss contends that he was busy waiting on people who came in ahead of the complaining parties and in processing about thirty prior applications. We pretermit further detailing of the disputed facts and assume without deciding that the trial court had sufficient evidence to justify a finding that Doss failed to obey the mandamus order.
After the complaining parties left the tax collector’s office, they had the district attorney prepare and sign a “Petition to Enforce Obedience to Writ of Mandamus.” The petition was brought pursuant to Mississippi Code Annotated section 11-41-11 (1972), and did not mention punishment but prayed for enforcement of the writ and for Doss “to answer his contempt by disobedience to the writ of mandamus.” The writ was issued and served on Doss, who was jailed until the hearing the next day. During the trial, counsel for Doss made several tenders in open court of the automobile tags to the complaining parties, but the court refused to accept the tender or dismiss the proceedings.
The writ of mandamus is one of the ancient, extraordinary writs designed to compel action by the defendant. It is not a punitive remedy. 52 Am.Jur.2d, Mandamus § 4 (1970).
The statute under which the present proceedings were brought is Mississippi Code *255 Annotated section 11-41-11 (1972), which reads as follows:
Obedience to the judgment of the court may be enforced by attachment, issued in term time or in vacation by order of the judge of the court and directed to the sheriff, returnable forthwith, commanding him to take the body of the person in contempt by disobedience of the writ of mandamus, and to bring him before the court or judge to be punished for his disobedience. The court or judge shall commit such person to the county jail until he comply with the command of the writ, and make all such further orders as may be necessary to compel obedience thereto, and may enforce such orders by proper process.
Section 11-41-15 is further evidence of a legislative intent that the enforcement of obedience is the aim of the law — not punishment for failure to obey the writ. Section 11-41-11, supra, provides that in enforcing the writ of mandamus the judge “. . . shall commit such person to the county jail until he comply with the command of the writ, and make all such further orders as may be necessary to compel obedience thereto . * .
 The statute limits the punishment for contempt for failure to obey a writ of mandamus. If this were a case where the defendant wilfully and deliberately disobeyed a writ for the purpose of impeding, embarrassing, obstructing, defeating, or corrupting the administration of justice, the court would have the inherent power to punish irrespective of the statute. Cf. Buskirk v. State, Miss., 321 So.2d 295, decided November 10, 1975. There is no such interference with the administration of justice in this case. The statute provides the limit of the court’s power to punish — i. e., commit to jail until compliance with the writ.
The proceedings should have been dismissed when compliance with the writ was tendered.
Reversed and defendant discharged.
RODGERS, P. J., and PATTERSON, INZER, SMITH, ROBERTSON and SUGG, JJ., concur.

. Whether a general mandamus order effective in the future is valid is not raised. Hence this case shall not constitute a precedent in this regard. See Wood v. State, 169 Miss. 790, 142 So. 747 (1932).