**CALIFORNIA UNION INSURANCE COMPANY, Plaintiff,**

v.

**CITY OF WALNUT GROVE, MISSISSIPPI, Marco Apparel, a Partnership, Marco Apparel, Inc., a Mississippi Corporation, William W. Corhern, Mac Brumer, Frederick P. Schwartz, and Michael W. Schwartz, Individually, Defendants.**

**MARCO APPAREL, a Partnership, Marco Apparel, Inc., a Mississippi Corporation, William W. Corhern, Mac Brumer, Frederick P. Schwartz, and Michael W. Schwartz, Third Party Plaintiffs,**

v.

**FEDERAL INSURANCE COMPANY, Third Party Defendant.**

**MARCO APPAREL, Marco Apparel, Inc., Frederick P. Schwartz, Michael W. Schwartz, William W. Corhern, and Mac Brumer, Third Party Plaintiffs,**

v.

**DAN BOTTRELL AGENCY, INC., Third Party Defendant.**

**Civ. A. No. 3:92cv801PS.**

United States District Court, S.D. Mississippi, Jackson Division.

June 30, 1994.

Robert A. Biggs, III, Craig D. Smith, Edmonson, Biggs, Mozingo & Jelliffe, David W. Baria, Jackson, MS, for plaintiff California Union Ins. Co.

Pamela E. Gunter, Forrest W. Stringfellow, Daniel, Coker, Horton & Bell, Jackson, MS, Rex Gordon, Jr., Gordon Law Firm, Union, MS, for defendant City of Walnut Grove, Miss.

Rex Gordon, Jr., Gordon Law Firm, Union, MS, for defendants Marco Apparel, a Partnership, Marco Apparel, Inc., a Miss. Corp., Fredrick P. Schwartz, Michael W. Schwartz, William W. Corhern, Mac Brumer.

J. Stevenson Ray, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for third-party defendant Dan Bottrell Ins. Co., Inc.

Walter H. Boone, Daniel J. Mulholland, Forman, Perry, Watkins & Krutz, Jackson, MS, for third-party defendant Federal Ins. Co.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter comes before the Court on the California Union Insurance Company's Motion for Summary Judgment Against Marco Apparel, Marco Apparel, Inc. a successor corporation, Mac Brumer, Michael W. Schwartz, and Frederick P. Schwartz; Federal Insurance Company's Motion to Dismiss the Third Party Complaint of Marco Apparel, and Marco Apparel, Inc. Against Federal Insurance Company; City of Walnut Grove's Motion for Summary Judgment Against Federal Insurance Company; and Federal Insurance Company's Motion to Dismiss the Third Party Complaint of the City of Walnut Grove, Mississippi Against Federal Insurance Company. The Court, having considered such motions, the briefs of the parties, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

### I. FACTUAL BACKGROUND

Marco Apparel, and Marco Apparel, Inc.[1] (hereinafter "Marco Defendants") are clothing manufacturers. The Marco Defendants maintain a clothing manufacturing plant in Walnut Grove, Mississippi. The Marco Defendants were in the business of supplying labor. The Marco Defendants would receive fabric from customers, manufacture the fabric into finished articles of clothing for a fee, and then return the finished articles of clothing to its customers.

The City of Walnut Grove (hereinafter "Walnut Grove") is a Mississippi municipality. Walnut Grove owned a building in Walnut Grove and leased that building to the Marco Defendants to house the Marco Defendants' manufacturing operation.

Federal Insurance Company (hereinafter "Federal") is an insurance company which issued a comprehensive general liability poli-

---

1. Mac Brumer, Frederick P. Schwartz, and Michael W. Schwartz are being sued individually and as partners of Marco Apparel. Any reference to the Marco Defendants includes Mac Brumer, Frederick P. Schwartz, and Michael W. Schwartz, individually and as partners.

cy to the Marco Defendants. The Marco Defendants' lease with Walnut Grove required the Marco Defendants to obtain liability insurance naming Walnut Grove as an insured and covering damage to the property of others in the amount of $100,000. The insurance policy issued by Federal did not list Walnut Grove as a named insured.

Charter Apparel, Inc. (hereinafter "Charter") was a customer of the Marco Defendants. Ruby International, Inc. (hereinafter "Ruby") is the majority shareholder of Charter.[2] Charter supplied fabric to the Marco Defendants to manufacture finished articles of clothing. The Marco Defendants had no ownership interest in the goods supplied by Charter. In 1989, Charter supplied fabric to the Marco Defendants. In December of 1989, severe weather caused rain and freezing conditions in the Walnut Grove area. The Marco Defendants' employees discovered that the roof of the leased premises had leaked and collapsed, thereby allowing water to damage the fabric and/or piece goods of Charter. As a result of the collapsed roof, over $400,000 worth of Charter's fabric was destroyed.

The Plaintiff, California Union Insurance Company, provided property insurance to Ruby and Charter. The Plaintiff paid the sum of $403,078.00 to its named insured Ruby by virtue of its policy of insurance for the loss and damage to the fabric and other piece goods owned by Charter. By virtue of its payment, the Plaintiff is subrogated to whatever causes of action are available to its insured, Ruby and Charter, against the Marco Defendants and the City of Walnut Grove.

## II. STANDARD OF REVIEW

■ Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a party fails to state a claim under which relief can be granted. The allegations of the complaint must be accepted as true when the court considers whether the plaintiff has stated a cause of action. *See Cramer v. Skinner,* 931 F.2d 1020 (5th Cir. 1991). Only the complaint and the allega-

tions contained therein are to be considered in reaching a decision on a defendant's rule 12(b)(6) motion to dismiss. The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.

■ If the defendant submits material outside the complaint for consideration, the court must decide such motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Triplett v. Heckler,* 767 F.2d 210 (5th Cir.1985).

■ The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality' only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Co.*

---

**2.** The names of Charter and Ruby are used interchangeably throughout this opinion and the briefs of the parties. Since Ruby is the majority shareholder of Charter, the Court is considering such entities as one entity for the purpose of this opinion.

*v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987).

■ In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light more favorable to the non-moving party. *McPherson v. Rankin,* 736 F.2d 175, 178 (5th Cir.1984).

■ The moving party has the duty to demonstrate the lack of genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods,* 687 F.2d 117 (5th Cir.1982). Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir.1978). In other words, the "nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In re Municipal Bond Reporting Antitrust Litig.,* 672 F.2d 436, 440 (5th Cir.1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see also Union Planters Nat'l Leasing v. Woods,* 687 F.2d at 119.

### III. LEGAL ARGUMENTS

A. *California Union's Motion for Summary Judgment Against the Marco Defendants*

The Plaintiff, California Union, contends that since a bailment relationship existed between the Marco Defendants and Charter for their mutual benefit, the Marco Defendants owed a duty to Charter to maintain the roof of the Marco building and a duty to take proper precautions for protection of Charter's fabric. The Plaintiff argues that it is entitled to summary judgment as a matter of law in that the Marco Defendants were negligent in failing to properly maintain and/or effectuate repairs to the roof of the Marco building and/or failure to take proper precautions for protection of Charter's fabric which resulted in the loss of Charter's fabric in December 1989.

■ The law of bailment is set out in the Mississippi Supreme Court case, *Hamm v. F.B. Walker & Sons, Inc.,* 198 So.2d 817 (Miss.1967). In *Hamm,* the Court held:

> Under the law of bailment, where a bailor delivers personal property to a bailee in good condition, under a contract to repair the bailed property or where the bailment was for their mutual benefit, and the property is destroyed or returned in a damaged condition, such fact creates a prima facie presumption of negligence on the part of the bailee, for which the bailor will be entitled to recover unless the bailee can show that the damage was not caused by his negligence.
>
> When the owner of the Blue Ensign [yacht] established by evidence the delivery of the yacht in good condition to the bailee defendant to be repaired, and showed that it was damaged while in the bailee's care, he was entitled to have his claim for damages submitted to the jury, and entitled to a judgment, unless the bailee offered evidence in explanation of the default, by showing facts and circumstances sufficient to exonerate it from liability.

*Id.* at 818–19 (citations omitted). Thus, a presumption of negligence arises when property being held by a bailee is destroyed or damaged. A bailor is entitled to recover for the damaged property unless the bailee can show that its negligence did not cause the damage to the property.

In the present case, the Plaintiff has presented evidence which shows Charter and the Marco Defendants had a bailment based on a mutual benefit. Charter would send the Marco Defendants fabric. The Marco Defendants would take possession, care, custody, and control of Charter's fabric and manufacture the finished products. After the goods were finished, the finished goods were returned to Charter to be sold and the Marco Defendants received remuneration for labor

supplied in the manufacture of the goods. The evidence also shows that the Marco Defendants had exclusive possession, care, custody, and control of Charter's fabric at the time Charter's fabric was damaged at the Marco plant. The deposition of Betty Robinson, manager of Marco Apparel, Inc., shows that the Marco plant received a shipment of fabric from Charter immediately before the plant closed for the Christmas holidays in December of 1989. In the deposition of Michael Schwartz, President of Marco Apparel Inc., Mr. Schwartz admitted that the fabric in the Marco plant in December of 1989 was owned by Charter. Mr. Stein, a consultant for the Marco Defendants testified specifically "they (the Marco Defendants) were responsible as a bailee for the fabrics."

According to the law of bailment set out in *Hamm,* a presumption of negligence arises on behalf of Plaintiff against the Marco Defendants as bailee since Charter's property as bailor was destroyed or damaged while in the possession of the Marco Defendants. In addition to the presumption of negligence under *Hamm,* the Plaintiff presented evidence which shows that the Marco Defendants failed to exercise ordinary care in preserving and protecting Charter's fabric. The fabric was stacked on top of cutting tables and wherever the Marco Defendants could find a place to put it during the Christmas holidays. Further, the evidence shows that the fabric was stored in an area of an old building which was known to leak. No precautions were taken to cover or otherwise store the fabric in a protected area prior to the plant closing for the Christmas holidays. No guard was posted on the premises at the time of the loss. Michael Schwartz admitted that he was aware of the longstanding history of leaks in the roof of the building leased by the Marco Defendants, and he even observed the roof leaking on fifty or more occasions.

Once the presumption of negligence arises, the Marco Defendants cannot merely sit back and do nothing or make conclusory statements. "[T]he nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In re Municipal Bond Reporting Antitrust Litig.,* 672 F.2d at 440. To defend against a proper summary judgment motion, the Marco Defendants may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The Marco Defendants' response, by affidavit or otherwise, must set forth specific facts showing that there is a "genuine dispute" as to a "material fact." Fed. R.Civ.P. 56(e); *see also Union Planters Nat'l Leasing Inc. v. Woods,* 687 F.2d at 119. The Marco Defendants have come forward with absolutely no evidence to rebut the presumption of their negligence that arises under *Hamm,* nor to rebut the Plaintiff's proof of the Marco Defendants' negligence.

The evidence presented to this Court by the Plaintiff shows that the Marco Defendants had a lease agreement with the City of Walnut Grove in which the Marco Defendants agreed to maintain and repair the lease building at their own expense. The evidence is clear, the Marco Defendants have not lived up to that part of the agreement. The Marco Defendants assert a conclusory statement that the City of Walnut Grove assumed the responsibility for the upkeep of the Marco building. Even if true, which the Court does not determine at this time, that does not relieve the Marco Defendants from their responsibility to their bailees. The Marco Defendants have produced no evidence to relieve them of their own responsibility under the bailment agreement with the Plaintiff's subrogor.

Further, as already noted, the Marco Defendants have failed to present any evidence to show that they exercised ordinary care in preserving and protecting the Plaintiff's property. The Court finds that a bailment relationship existed under established Mississippi law, and a prima facie, as well as a proven, case of negligence against the Marco Defendants has been established. No affirmative proof of the exercise of ordinary care has been presented by the Marco Defendants. Thus, there is no genuine issue of a material fact on the question of liability. The Marco Defendants also did not contest the liquidated damages proof offered by the Plaintiff; therefore, the Court finds that the

Plaintiff, who is subrogated to the rights of Charter and/or Ruby, is entitled to summary judgment as a matter of law against the Marco Defendants in the amount of $403,078 for property received under bailment and destroyed by the presumed and established negligence of the Marco Defendants.

### B. Federal Insurance Company's Motion to Dismiss for Failure of the Marco Defendants to State a Claim Against Federal

 Federal claims that the Marco Defendants have failed to state a claim against Federal upon which relief can be granted. When the Marco Defendants were sued by the Plaintiff, California Union, the Marco Defendants demanded a defense and indemnification from Federal under the terms of the insurance policy issued to the Marco Defendants by Federal. Federal denied the Marco Defendants' request and the Marco Defendants brought a third party claim against Federal. Federal contends that the insurance policy in question clearly and unambiguously excludes from coverage property damage to the property of third parties in the care, custody, or control of the insured.

It is undisputed that the Marco Defendants were insured under the Policy issued by Federal. However, the policy in question contains an exclusion which states that the insurance provided by the policy does not apply to "property damage to ... personal property in your [insured's] care, custody or control." In their response to Federal's motion to dismiss, the Marco Defendants make a conclusory statement that the policy in question covers the claim made by Plaintiff against the Marco Defendants. The Marco Defendants presented no evidence to support such conclusory allegation. As previously noted, the Marco Defendants cannot merely sit back and do nothing or make conclusory statements; they must come forward with "significant probative evidence" demonstrating the existence of a triable issue of fact. *In re Municipal Bond Reporting Antitrust Litig.,* 672 F.2d at 440.

As set out above, the Court has already found that the damaged fabric was the personal property of Charter, and that the fabric was in the care, custody, or control of the Marco Defendants at the time the fabric was destroyed or damaged. Based on this finding and the exclusion language of the insurance policy in question, the Court finds that there is no coverage afforded the Marco Defendants under the policy in question for the claim made by plaintiff; thus, summary judgment in favor of Federal is appropriate. The third party complaint filed by the Marco Defendants against Federal should be dismissed, and it is so ordered.

### C. City of Walnut Grove's Motion for Summary Judgment against Federal

### D. Federal's Motion to Dismiss for Failure of the City of Walnut Grove to State a Claim Against Federal

 Both of these motions involve the same issue. The Court must decide as a matter of law whether or not the City of Walnut Grove is insured under the insurance policy issued by Federal to the Marco Defendants. Although Walnut Grove is not listed as an insured under the policy, Walnut Grove contends that it qualifies as an insured under the provision in the policy that states that "[a]ny person ... or any organization while acting as *your real estate manager" qualifies as an insured under the policy.* (emphasis added). Whether or not Walnut Grove qualifies as an insured turns on the issue of whether or not Walnut Grove is a "real estate manager" under the policy. There are no Mississippi cases which have construed the term "real estate manager." Other states such as Louisiana have defined a "real estate manager" as "one who manages real estate for another. A manager is one who 'conducts, directs or supervises something.' He is a person who has the conduct or direction of a thing." *Simmons v. State Farm Fire and Casualty Insurance Co.,* 607 So.2d 1080 (La.App. 3d Cir.1992) (citing *Savoy v. Action Products Co., Inc.,* 324 So.2d 921 (La.App. 3d Cir.1975)); *see also Fireman's Fund Insurance Co. v. Vordermeier,* 415 So.2d 1347 (Fla.Dist.Ct.App.1982) (In Florida, a court appointed receiver who manages the real property for creditors qualifies as a "real estate manager"). Although whether a person falls within the definition of "real

estate manager" turns on the facts of each case, courts that have considered the issue of who is a "real estate manager" have held that an usufructuary, a lessee, and a lessor do not qualify as real estate managers. *Olympic, Inc. v. Providence Wash. Ins. Co.,* 648 P.2d 1008, 1013 (Alaska 1982) (lessor did not qualify as a "real estate manager" under the named insured's policy); *Simmons v. State Farm Fire and Casualty Insurance Co.,* 607 So.2d 1080, 1083 (La.App. 3d Cir. 1992) (usufructuary was not a "real estate manager" within meaning of owner's rental property policy); and *Savoy v. Action Products Co., Inc.,* 324 So.2d 921, 924 (La.App. 3d Cir.1975) (mere lessee does not qualify as a "real estate manager").

Walnut Grove argues that even though the lease between Walnut Grove and the Marco Defendants provided that the Marco Defendants would be responsible for maintaining and repairing the leased building, Walnut Grove affirmatively undertook to perform maintenance and/or repairs to the leased premises. Walnut Grove contends that it qualifies as a "real estate manager" as a result of its actions of maintaining and repairing the leased premises.

Federal argues that Walnut Grove was merely the lessor of the building leased to the Marco Defendants, and Walnut Grove was not Marco Defendants' "real estate manager." Federal argues that the facts alleged by Walnut Grove in its complaint against Federal refer to Walnut Grove as a lessor and not a "real estate manager."

The written lease entered into by Walnut Grove and the Marco Defendants provides that the Marco Defendants as insureds were in charge of maintenance and/or repair of the building leased by the Marco Defendants. "Lessee hereby agrees and obligates itself to maintain and repair the building and appurtenances...." Although Walnut Grove undertook to perform maintenance and/or repairs to the leased premises, the Court does not find that this undertaking qualifies Walnut Grove as a "real estate manager." A "real estate manager" manages property for the named insured and for the benefit of the named insured. *See Jackson v. East Baton Rouge Parish School Board,* 348 So.2d 739, 741 (La.App. 1st Cir.1977) ("though the Department of Public Safety managed the real estate in question in some manner, *it did so to serve its own purposes* and not acting as a "real estate manager" for the named insured, the East Baton Rouge Parish School District.") (emphasis in original).

In response to an interrogatory, Walnut Grove contends that it maintained the building for the benefit of the Marco Defendants. That still does not make Walnut Grove a "real estate manager." Certainly Walnut Grove is a real estate owner. Walnut Grove may be interested in maintaining jobs and willing to do some repairs and maintenance on a building it owns in order to keep jobs. That still does not make Walnut Grove a "real estate manager." The Marco Defendants were not absentee tenants relying upon someone else to manage the property involved for them. They were present and occupying the premises. They knew whether the property was being adequately maintained. As the record now stands, it appears the Marco Defendants did not do what they had contractually agreed to do either insofar as maintaining and repairing the building or in obtaining insurance for Walnut Grove.

Mayor Grady Sims testified that Walnut Grove undertook to maintain and/or repair the leased premises occupied by the Marco Defendants:

> Because it was our building and we felt like that we needed to do some preventive maintenance on it. Lessees, they are not going to do anything to a building that belongs to somebody else until they have to. They are not going to get up there and repair the roof until it leaks. The repair that we done on it, we done simply for preventive maintenance. It's our building; nobody is going to take care of your property like you do.

Although the Mississippi Supreme Court has not interpreted the meaning of the phrase "real estate manager" as found in the insurance policy in question, this Court is called upon to make an *Erie* guess as to how the Mississippi Supreme Court would decide that question. Based upon the facts of this case, the cases cited above and the reasoning contained in those cited cases, which the

Court finds to be persuasive, Walnut Grove does not qualify as a "real estate manager" under the Marco Defendants' insurance policy with Federal. Although the Marco Defendants benefitted by Walnut Grove's efforts to maintain and/or repair the leased building, the evidence shows that Walnut Grove undertook such repairs for its own benefit. Furthermore, none of the evidence offered by Walnut Grove shows that Walnut Grove managed the property for the Marco Defendants. Based on this finding[3], the Court holds that the City of Walnut Grove's Motion for Summary Judgment against Federal is not well-taken. Summary judgment in favor of Federal is appropriate. The third party complaint filed by the City of Walnut Grove against Federal should be dismissed, and it is so ordered.

### CONCLUSION

For the reasons stated above: Plaintiff's motion for summary judgment against the Marco Defendants should be and is hereby granted in the amount of $403,078.00 for direct and actual damages; Federal is entitled to summary judgment against the Marco Defendants; the third party complaint filed by the Marco Defendants against Federal should be and the same is hereby dismissed with prejudice; Walnut Grove's motion for summary judgment against Federal is not well taken and should be and the same is hereby denied; Federal is entitled to summary judgment against the Marco Defendants; and the third party complaint filed by the City of Walnut Grove against Federal is dismissed with prejudice.

A judgment will be entered accordingly pursuant to Fed.R.Civ.P. 58.

SO ORDERED AND ADJUDGED.

---

3. Federal argued in the alternative that if Walnut Grove is an insured, the policy excludes coverage of property of others while in the care and custody of the insured, Walnut Grove. The Court does not think it is necessary to address this argument since it found that Walnut Groves was not a "real estate manager."